UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| MELVIN FUDGE, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 11-04-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ERIC WILSON, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Petitioner Melvin Fudge ("Fudge") is in the custody of the Federal Bureau of Prisons

("BOP"), and he is currently confined in the United States Penitentiary ("USP-McCreary) in Pine

Knot, Kentucky.  Fudge has submitted a *pro se* Petition for Writ of Habeas Corpus pursuant to

28 U.S.C. § 2241, claiming that the life sentence he is serving is in violation of the Eighth

Amendment to the United States Constitution.  [R. 2.]  As Fudge has paid the $5.00 filing fee,

the Court screens his petition pursuant to 28 U.S.C. § 2243.  At the screening phase, the Court

must dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the

necessary facts can be determined from the petition itself without need for consideration of a

return."  *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).[1]

In his § 2241 petition, Fudge seeks relief from his life sentence, contending that it is

"grossly disproportionate" to the offense and is unconstitutional.  Fudge seeks declaratory relief

---

[1] The Court holds *pro se* pleadings to less stringent standards than those drafted by attorneys. *Burton v. Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the Court accepts as true a *pro se* litigant's allegations and liberally construes them in his favor. *Urbina v. Thoms,* 270 F.3d 292, 295 (6th Cir. 2001).

and resentencing. For the reasons stated below, Fudge is not entitled to relief under § 2241; his petition will be denied, and this action will be dismissed.

**I.**

On April 7, 2004, a federal grand jury in the Western District of Michigan returned a two-count indictment against Fudge. The indictment charged him with possession of approximately 36 grams of cocaine base and approximately 33 grams of powder cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), and (b)(1)(C) (Count 1), and with committing a drug-trafficking offense within 1,000 feet of a school in violation of 21 U.S.C. § 860(a) (Count 2). Fudge proceeded to trial, and a jury found him guilty on both counts. *See United States v. Melvin Fudge,* 1:04-CR-00077-RHB (W.D. Mich.) ("the Trial Court"). On October 28, 2004, Fudge was sentenced to a 168-month prison term on Count 1 and to life imprisonment on Count 2. Fudge appealed. On April 7, 2006, the United States Court of Appeals for the Sixth Circuit affirmed Fudge's conviction and sentence.

Subsequently, Fudge filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On September 30, 2009, the Trial Court granted Fudge's § 2255 motion in part, vacating Fudge's conviction on Count 1 of the indictment. *See Melvin Fudge v. United States,* 1:06-CV-695-RHB (W.D. Mich). Fudge appealed, but the Trial Court declined to issue a Certificate of Appealability because Fudge failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

As the record now stands, Fudge is serving a life sentence for committing a drug-trafficking offense within 1,000 feet of a school.

**II.**

Fudge is not entitled to relief under § 2241, as he fails to assert a legitimate claim of

actual innocence or to show that a retroactively applicable Supreme Court decision affords him

relief.

Section 2255 provides the primary avenue of relief for federal prisoners claiming the right

to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir.

2009) (citing 28 U.S.C. § 2255(a)). It is the mechanism for collaterally challenging errors that

occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at

3283018 at *6 (E.D. Tenn. Aug. 17, 2010).

The "savings clause" of § 2255 permits relief under § 2241 if § 2255 is "inadequate or

ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United*

*States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). A federal prisoner may not

challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to

apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has

denied relief." *See* 28 U.S.C. § 2255(e). He must prove that his § 2255 remedy is inadequate or

ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir.

1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003). As previously noted, Fudge filed a § 2255

motion in the Trial Court, and that motion was granted in part.[2] Thus, Fudge has previously

---

[2] In Fudge's § 2255 motion, he also claimed that his life sentence violated the Eighth
Amendment's prohibition of cruel and unusual punishment. The Trial Court addressed that claim
as follows:

> Movant also asserts that his life sentence is grossly disproportionate to the
> severity of the crime and thus violates the Eighth Amendment's prohibition of cruel
> and unusual punishment. The Eighth Amendment "does not require strict
> proportionality between crime and sentence. Rather, it forbids only extreme

litigated the same claim that he raises in his § 2241 petition.

A movant can also implicate the savings clause when he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), which requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 613, 623-24 (1998); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Fudge, however, does not claim that he is "actually innocent" of the charged offense; he simply claims that his sentence is unconstitutional.

In his § 2241 petition, Fudge does not state that subsequent to the effective date of Amendment 706 to the United States Sentencing Guidelines, which reduced the offense levels for cocaine base, that he moved the Trial Court to reduce his sentence under 18 U.S.C. §

---

> sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J. concurring) (quoting *Solem v. Helm*, 463 U.S. 277, 288, 303 (1983)). In *Harmelin*, the Supreme Court upheld a mandatory life sentence without possibility of parole for possession of over 650 grams of cocaine. *Id.* at 961. Movant is a repeat drug offender found guilty of possessing 36 grams of cocaine base with intent to distribute in close proximity to a school. This quantity of cocaine base, in combination with Movant's prior convictions, his intent to distribute, and the location of his offense in proximity to a school, leads the Court to conclude that his life sentence without possibility of parole does not violate the Eighth Amendment.

Opinion, pages 15-16 , in *Melvin Fudge v. United States,* 1:06-CV-695-RHB (W.D. Mich.) (Sept. 30, 2009), Docket Entry No. 27.

3582(c)(2). In the event that Fudge has not filed such a motion, that avenue may afford him the relief he seeks in this action. Alternatively, since he has previously filed a § 2255 motion in the Trial Court, Fudge also has the option to seek permission from the Sixth Circuit Court of Appeals for the filing of a second or "successive" § 2255 motion.

## III.

Because Fudge has not shown that he is actually innocent of the charges to which he pled guilty or that a retroactively applicable Supreme Court decision affords him relief, the savings clause of § 2255 does not apply. Fudge's § 2241 petition will be denied, and this action will be dismissed.

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)     Melvin Fudge's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus [R. 2] is **DENIED**;

(2)     This action is **DISMISSED**, *sua sponte*, with prejudice; and

(3)     Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Eric Wilson, Warden, USP-McCreary.

This the 13th day of June, 2011.

Signed By:

*Gregory F. Van Tatenhove*

United States District Judge